**Robel Mengesha TEKLU, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70616.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 20, 2004.

Doreen A. Emenike, Law Offices of Doreen A. Emenike, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Brenda M. O'Malley, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

MEMORANDUM **

Robel Mengesha Teklu, a native and citizen of Ethiopia, petitions for review of the Board of Immigration Appeals' sum-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

mary affirmance of an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review adverse credibility determinations for substantial evidence, *Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir.1999), and we deny the petition for review.

Substantial evidence supports the IJ's finding that Teklu's credibility was undermined by inconsistencies in his testimony, as well as a letter from the United States Embassy in Ethiopia concluding that the documentary evidence he submitted to support his claim was fraudulent. Because the genuineness of these documents goes to the heart of Teklu's claim, we conclude that Teklu failed to satisfy his burden of proof with credible, direct, and specific evidence in the record. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir.2004). The record does not compel a contrary conclusion. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Because Petitioner did not testify credibly, he failed to establish eligibility for asylum or withholding of removal. *See Singh–Kaur v. INS*, 183 F.3d at 1149.

Petitioner failed to establish entitlement to CAT relief because, in the absence of credible evidence, he did not demonstrate that it is "more likely than not" that he would be tortured if returned to Ethiopia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**